# Exhibit 1

FILED
3/1/2021 11:14 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Brenda Carrillo

CAUSE NO. **2021CI01556**

| | | |
|---|---|---|
| **CATHERINE WELLS,** *Plaintiff* | § § § | IN THE DISTRICT COURT |
| **V.** | § § § | 407ᵀᴴ JUDICIAL DISTRICT |
| **RED BANNER TRSPORTATION, LLC AND SHAYNE WILLIAM STAYTON,** *Defendants* | § § § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION WITH REQUESTS FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **CATHERINE WELLS** hereinafter referred to by name or as Plaintiff, and complains of **RED BANNER TRANSPORTATION AND SHAYNE WILLIAM STAYTON,** hereinafter referred to by name or as Defendants', and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

**1.** Discovery shall be conducted in this case according to LEVEL 3 Discovery Control Plan pursuant to RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

**2.** Plaintiff **CATHERINE WELLS** is an individual residing in Bexar County, Texas.

**3.** Defendant **RED BANNER TRANSPORTATION, LLC** is a Domestic For-Profit Corporation doing business in Texas, and may be served with process through their registered agent, Shayne William Stayton located at 11655 Elder Road, West Fork, Arkansas 72774.

4. Defendant **SHAYNE WILLIAM STAYTON** is a resident Washington County, Arizona and may be served at his place of residence at 11655 Elder Road, West Fork, Arkansas 72774.

### III.
### JURISDICTION & VENUE

5. Venue is proper in Bexar County in this cause pursuant to § 15.002(a)(1) of the CIVIL PRACTICE & REMEDIES CODE because the incident which forms the basis of this lawsuit occurred in Bexar, Texas.

### IV.
### FACTS

6. On or about August 25, 2019, Plaintiff **CATHERINE WELLS** was traveling Southbound on S St. Mary's in Bexar County, Texas. Defendant **SHAYNE WILLIAM STAYTON** began backing up and suddenly, violently, and without warning struck the front of Plaintiff's vehicle. The Defendant was in the course and scope of his employment with Defendant **RED BANNER TRANSPORTATION** and with the permission and/or consent of **RED BANNER TRANSPORTATION.** The impact of the collision caused serious injury to the Plaintiff.

### V.
### CAUSES OF ACTION AGAINST
### DEFENDANT FALCON TRANSPORT, INC.

*A.* *RESPONDEAT SUPERIOR*

7. The incident made the basis of this lawsuit, on or about August 25, 2019, Defendant **SHAYNE WILLIAM STAYTON** was engaged in the course and scope of his employment with Defendant **RED BANNER TRASPORTATION.** Therefore, Defendant **RED BANNER TRANSPORTATION,** is responsible and liable for the conduct of their employee based on the doctrine of *respondeat superior*.

# VI.
# CAUSES OF ACTION AGAINST
# DEFENDANT JUAN SERGIO RAMOS

*A.     NEGLIGENCE*

**8.** The occurrence made the basis of this suit, reflected in the above paragraphs, and the resulting injuries and damages of the Plaintiff were proximately caused by the negligent conduct of the Defendant **SHAYNE WILLIAM STAYTON.** Defendant operated the vehicle he was driving in a negligent manner by violating the duty which he owed the Plaintiff to exercise ordinary care in the operation of his motor vehicle in one or more of the following respects:

   a.  failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

   b.  failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

   c.  operating his vehicle at a rate of speed that was greater than an ordinary prudent person would have driven under of similar circumstances;

   d.  failing to turn the vehicle in an effort to avoid the collision in question;

   e.  failing to blow horn warning of imminent danger;

   f.  following too closely;

   g.  failing to maintain an assured, clear distance so as to avoid striking the vehicle in front of him.

**9.** Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

B. *NEGLIGENCE PER SE*

10. Further, Defendant failed to exercise the mandatory standard of care in violation of V.T.C.A .Transportation Code, Reckless Driving: Offense §545.401.

> **§545.401 Reckless Driving: Offense**
>
> A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property.

C. *GROSS NEGLIGENCE*

11. Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, the acts and/or omissions by Defendant outlined in the above paragraphs constitute gross negligence as that term is defined in §41.001(11) of the CIVIL PRACTICE & REMEDIES CODE. Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated.

12. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## VI.
## DAMAGES

13. As a direct and proximate result of the collision, and the negligent conduct of the Defendants', Plaintiff **CATHERINE WELLS** suffered bodily injuries as reflected in the medical records from the health care providers who treated the injuries since the collision. The injuries

may be permanent in nature. The injuries have had an effect on the Plaintiff's health and well-being. As a further result of the nature and consequences of her injuries, the Plaintiff has suffered and may continue to suffer into the future, physical pain and mental anguish.

14. As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention in the past and may incur medical expenses in the future to treat her injuries.

15. By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which she now sues.

16. Plaintiff asserts the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiff to affirmatively plead the amount of damages sought. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief **OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.

## VII.
## INTEREST

17. Plaintiff further requests both pre-judgment and post-judgment interest on all her damages as allowed by law.

## VIII.
## DEMAND FOR JURY TRIAL

18. Plaintiff **CATHERINE WELLS** demands a trial by jury. Plaintiff acknowledges payment this date of the required jury fee.

## IX.
## REQUEST FOR DISCLOSURE

**20.**  Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants' are requested to disclose, within fifty (50) days of service hereof, the information and material described in each section of RULE 194.2.

## X.
## NOTICE OF SELF-AUTHENTICATION

**21.**  Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants' are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests the Defendants' be cited to appear and answer, and on final trial hereafter, the Plaintiff has judgment against the Defendants' in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;

7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Property damage;
12. Loss of use;
13. Pre-judgment interest; and
14. Post-judgment interest

**RESPECTFULLY SUBMITTED,**

**THE LAW OFFICE OF THOMAS J. HENRY**
5711 University Heights Blvd, Suite 101
San Antonio, Texas 78249
Telephone: 210-656-1000
Facsimile: 361-985-0601

**BY:** _____
Andrew D. Poulis
State Bar No. 24083680
*Email: apoulis-svc@thomasjhenrylaw.com
**\* service by this email only**

*ATTORNEYS FOR PLAINTIFF*